## In re Anonymous No. 8 D.B. 76

Disciplinary Board Docket no. 8 D.B. 76.

ANDERSON, *Board Member,* August 9, 1977 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (Enforcement Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above proceeding.

### I.   HISTORY OF PROCEEDINGS

Respondent [   ], is charged with misconduct involving matters for which he was earlier disciplined and had not corrected by the time of the issuance of this petition for discipline.

On March 15, 1976, the Office of Disciplinary Counsel filed a petition for discipline at 8 D.B. 76 against respondent, which was duly served on March 25, 1976. The petition alleged that respondent, who had been disciplined for neglecting legal matters entrusted to him, had allowed those matters to continue in a neglectful state and had not

discharged the duties placed upon him. He was further charged with dishonesty, fraud, deceit or misrepresentation in informing the original hearing committee that he would in fact immediately conclude these legal matters entrusted to him when in fact he did not do so.

Respondent filed no answer to the petition within the prescribed time and on April 15, 1976, the matter was referred to hearing committee [ ]. On May 5, 1976, a notice of a hearing scheduled for June 3, 1976, was sent to respondent. On May 18, 1976, an entry of appearance of counsel for respondent [ ], Esquire, was received by the chairman, with a request that the hearing be postponed from June 3. On June 3, 1976, a hearing was scheduled for July 15, 1976, in [ ], Pennsylvania. On July 15, 1976, the hearing committee, composed of [ ] chairman [ ] and [ ], held a hearing with respondent, his attorney and witnesses present. On September 9, 1976, the chairman was informed by letter of a withdrawal of counsel for respondent. On February 14, 1977, the hearing committee issued its recommendation for a suspension of three months for respondent. On March 7, 1977, petitioner filed a brief on exceptions and this was placed in the file. No answer to petitioner's brief on exceptions was filed by respondent, nor was oral argument requested.

## II. DISCUSSION

The petition for discipline in this case arose from activities of respondent in three cases for which discipline was imposed on an earlier occasion. Respondent, in the earlier cases, had been charged with neglecting legal matters that were placed before him.

## [A]

Respondent was retained by [A] to obtain an absolute divorce. Mistakenly, a divorce a mensa et thoro was filed, although [A] was not entitled to same. This action was filed in December, 1970. A master's hearing was scheduled for April, 1971.

In March, 1975, the court had taken no action in the case because of the unavailability of this type of divorce to the husband. During this period of time, from April 1971 to March 1975, respondent had been notified of the technical defects in this suit and made no effort to have same corrected. Additionally, he did not respond to phone calls or letters sent to him by his client or letters sent to him on behalf of his client.

The hearing committee recommended public censure, and the Supreme Court concurred. This discipline was imposed during the Supreme Court term March 1976.

Respondent continued to neglect this matter even though at the March 7, 1975 disciplinary hearing he stated under oath that he would take care of the matter immediately. As of March 9, 1976, respondent had taken no further action to correct the record, nor had he contacted his client [A] in regard thereto. Therefore, a petition for discipline was taken by disciplinary counsel, charging respondent with violation of: (1) D.R. 1-102(A)(4) — Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation; (2) D.R. 1-102(A)(6) — Dealing with other conduct adversely reflecting upon his fitness to practice law; and (3) D.R. 6-101(A)(3) — Dealing with neglect of a legal matter entrusted to him.

## [B]

Respondent was retained by Mr. and Mrs. [B] to

handle an adoption of a child which was in their custody since April of 1970. They paid respondent $150 as a retainer for his services. Respondent neglected this matter and initiated no proceedings whatsoever for [B]. He ignored repeated requests by them and also the intercession of friends and a Judge of the Orphans' Court Division of the Court of Common Pleas of [   ] County. In August, 1974, the clients demanded the return of their $150 retainer fee and all papers pertaining to the adoption. Respondent failed to respond to these requests and a petition for discipline was filed. This petition for discipline was also included and heard by the committee that dealt with the [A] matter. At the hearing of March 7, 1975, it was found that respondent had violated D.R. 6-101(A)(3) and 9-102(B)(4). The hearing committee recommended public censure and the Supreme Court concurred. Respondent was publicly censured in the March 1976 term of court.

Respondent, at the hearing on March 7, 1975, in response to the testimony of Mrs. [B], stated under oath he would like to return whatever papers he had in the file to her that afternoon. He specifically stated he would return the papers by Monday, March 10, 1975. A letter was sent by Disciplinary Counsel to respondent on October 13, 1975, asking him to return the documents to [B]. As of March 10, 1976, respondent had done nothing in regards to the [B] case, nor had he communicated with them in any way to explain why he had been unable or unwilling to respond. Thereafter, respondent was charged with violations of the following disciplinary rules: a. D.R. 1-102(A)(4) — Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation; b. D.R. 1-102(A)(6) — Dealing

with other conduct adversely reflecting upon his fitness to practice law; c. D.R. 6-101(A)(3) — Dealing with neglect of a legal matter entrusted to him; and d. D.R. 9-102(B)(4) — Dealing with prompt payment or delivery to the client of funds or other properties in the possession of the lawyer which the client is entitled to receive.

### [C]

Respondent accepted the representation of Mrs. [C] in a divorce action, in forma pauperis. He filed a complaint on her behalf on June 28, 1974, which was duly served upon defendant on August 30, 1974. In June of 1975, respondent, after many inquiries as to the posture of the case by Mrs. [C], told her that a master's hearing would be held between July 11 and July 17, 1975. In fact, no hearing was scheduled nor had respondent done anything other than file the action. No hearing was held and respondent completely ignored any attempts by Mrs. [C] to contact him. This case was brought to the disciplinary counsel, and after notification to respondent, a reviewing member of a hearing committee determined that respondent should be administered an informal admonition. The admonition was administered on October 27, 1975, by [   ], Esquire, Chief Disciplinary Counsel of the Disciplinary Board of the Supreme Court of Pennsylvania, and respondent took no appeal from same.

On November 5 and December 6, 1975, letters were sent by petitioner stating that if the [C] matter was not resolved, further possible disciplinary proceedings would follow. Mrs. [C] attempted to contact respondent on December 28, 1975 at his home, leaving a message requesting him to turn over all papers pertaining to her suit and prepare a release

of the case in order for her to retain other counsel. As of January 21, 1976, respondent had taken no action. Thereafter, petitioner filed a petition for discipline, charging respondent with: a. D.R. 1-102(A)(4) — Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation; b. D.R. 6-101(A)(3) — Dealing with neglect of a legal matter entrusted to him; c. D.R. 7-101(A)(1) — Dealing with failure to seek the lawful objectives of his client.

The hearing committee held a hearing on July 15, 1976, where it was conclusively shown that respondent had not completed the matters for which he had been previously disciplined. He readily admitted his negligence and in a futile gesture attempted to excuse his conduct on nebulous and flimsy grounds. It should be pointed out that the excuses used were never forwarded at the initial disciplinary proceedings. In fact, even if these afterthought excuses were valid, he was still under a duty to inform his clients and allow them to take steps to alleviate them. He attributed his actions to his problem with alcohol. He stated he was now undergoing treatment for his alcoholism at a [G.C.] (out patient) and would continue to work with Alcoholics Anonymous groups. The hearing committee observed that although respondent, [   ], admits to having an alcohol problem, he is not committed to the final steps necessary to alleviate him of this problem, i.e., the admission to an institution which deals with alcoholic problems.

The hearing committee properly dismissed the charge that the three matters and their further neglect indicated a conduct involving dishonesty, fraud, deceit or misrepresentation. There is noth-

ing to show when respondent stated under oath that he would complete these matters, that he did not intend to do so at that time. The hearing committee further concluded that respondent had violated: a. D.R. 1-102(A)(6) — Dealing with conduct adversely reflecting upon his fitness to practice law; b. D.R. 6-101(A)(3) — Dealing with neglect of a legal matter entrusted to him; and c. D.R. 9-102(B)(4) — Dealing with the prompt return of the client's file. The hearing committee recommends a three month suspension be given to respondent.

Petitioner filed a brief on exceptions to the hearing committee report on March 7, 1977. This brief on exceptions is very well founded because of the disciplinary rule covering a three month suspension, which does not require respondent to apply for reinstatement or show his fitness to practice law. It is generally agreed that respondent has not been shown to lack the ability to practice law when he is not having problems with alcohol. The board further agrees with petitioner's brief on exceptions and feels that a suspension of more than three months is warranted. It feels in order to protect the public in its dealings with respondent, we must be assured that respondent has taken the necessary steps to relieve himself of the alcoholic problem which has caused his professional problems. It is necessary for respondent to show he has in fact improved his emotional and mental state to such a degree that he will bring credit, not only to the practice of law, but to himself. It is with this in mind that the Disciplinary Board recommends respondent be suspended from the practice of law for six months.

388

## ORDER

EAGEN, *C.J.*, And now, August 22, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated August 9, 1977, recommending that, pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, respondent, [ ], of [ ] County be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of six months, are hereby approved; and it is

Ordered, that said respondent, [ ], be, and he is hereby, suspended for a period of six months from the bar of this court and in all the courts of Pennsylvania and until further order of this court.